UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

HARTFORD FIRE INSURANCE CO. a/s/o : Case No.
The Monarch Beverage Company, Inc.,
 :
        Plaintiff,
v. **COMPLAINT**

 :
MEDITERRANEAN SHIPPING COMPANY
(USA), INC., M/V MSC Silvana V FG444R, her :
engines, boilers, etc. and XYZ Corp.,
 :
        Defendants.
------------------------------------------------------X

The plaintiff, HARTFORD FIRE INSURANCE CO. a/s/o THE MONARCH BEVERAGE COMPANY, INC., ("HARTFORD" and "MONARCH BEVERAGE" respectively), complaining of the above named defendants, alleges upon information and belief:

PARTIES

1. At and during all times hereinafter mentioned, plaintiff, HARTFORD, was and is a domestic insurance company authorized to conduct business of insurance within the State of New York.

2. At and during all times hereinafter mentioned, HARTFORD'S insured/subrogor, MONARCH BEVERAGE, was and is a Delaware corporation with its principal place of business at 3630 Peachtree Road N.E., Suite 775, Atlanta, Georgia 30326. MONARCH BEVERAGE is engaged in business as international beverage company producing and distributing various brands of soft drinks.

3. At all times hereinafter mentioned, MEDITERRANEAN SHIPPING COMPANY (USA), INC. has an office and place of business at 420 5th Ave, New York, NY 10018, and is engaged in the business of interstate transportation of goods by ocean and motor carrier, and is a

common carrier, freight forwarder and/or non-vessel operating common carrier (NVOCC) of goods for hire.

4. Upon information and belief, at and during all times hereinafter mentioned, XYZ Corp. was either an ocean carrier, surface carrier, NVOCC, freight forwarder, and otherwise handled, carried or transported the goods, which are the subject of this lawsuit.

## JURISDICTION AND VENUE

5. This action seeks recovery of a claim for damaged and/or loss of freight in transit, which is cognizable as an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and involves application of 46 U.S.C. § 30701 *note* - the Carriage of Goods by Sea Act ("COGSA"), and as such this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question).

6. Venue is proper in the United States District Court for the Southern District of New York pursuant to the Paragraph 10 of the Terms and Conditions of the Bill of Lading of the defendant, MEDITERRANEAN SHIPPING COMPANY (USA), INC.

7. Venue is otherwise proper in the United States District Court for the Southern District of New York since the defendants regularly and systematically conducted business within the State of New York and/or contracted to supply goods or services within the State of New York such that valid service of process was or could have been made on the defendants in this district.

## STATEMENT OF THE CLAIM

8. On or about October 27, 2014, MONARCH BEVERAGE contracted to sell 480 plastic drums of cola flavoring to its customer, Quality Beverages, located in Cape Town South

Africa, for the total sum of $126,030.00 USD.

9. Defendant, MSC, was hired to transport the shipment of 480 plastic drums of cola flavoring and one (1) box of Pail openers, from Savannah, Georgia to Cape Town, South Africa (the "Shipment").

10. The Shipment was tendered to defendant and/or its agents or subcontractors in good order and condition and was packed in Container No. CAIU2862752.

11. On or about November 7, 2014, Defendant, MSC, received and loaded the Shipment on board the MV MSC Silvana V FG444R at the Port of Savannah, Georgia.

12. Defendant, MSC, acknowledged receipt of the Shipment in good order and condition under Bill of Lading No. MSCUWS013446.

13. In or about December 2014, while in transit and prior to delivery of the Shipment, Defendant MSC determined that the container in which the goods were packed was leaking and requested an inspection of the Shipment.

14. On or about January 22, 2015, a survey was performed to determine the nature and extent of the leakage and damage to the Shipment. The survey was performed at Port Elizabeth, South Africa, by Rennie Murray & Company (PTY) LTD, at the request of plaintiff's freight forwarder, SDV South Africa.

15. As a result of the survey, it was determined that a total of 102 drums of product had been damaged and was disposed of, and the remaining 378 drums were repacked into the container for delivery.

16. On or about January 29, 2015, the Shipment was delivered to Quality Beverages in Cape Town and thereafter plaintiff calculated its damages relating to the damaged drums to be $39,154.07.

17. As a result of defendant's failure to deliver the Shipment in good order and condition at destination, plaintiff has sustained actual damages in the amount of **$39,154.07**.

## FIRST COUNT
## (COGSA)

18. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 17 as if fully set forth herein.

19. Plaintiff and defendants entered into a contract for ocean carriage pursuant to and subject to COGSA.

20. Defendants and each of them breached their contract for ocean carriage by failing to deliver the shipment in good order and condition and, as a result of which, plaintiff's merchandise was greatly depreciated in value and plaintiff lost the use of same, for which it claims damages.

21. As a result of defendants' conduct and actions, defendants and each of them are liable to plaintiff for its full, actual damages as carriers, NVOCCs, and/or freight forwarders pursuant to COGSA, together with interest thereon from the date the shipment was delivered or scheduled to be delivered.

## SECOND COUNT
## (COMMON LAW BREACH OF CONTRACT)

22. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 21 as if fully set forth herein.

23. Plaintiff and defendants entered into a contract to provide transportation services including a common law contract for carriage and/or bailment.

24. Defendants and each of them breached their common law contract to provide transportation services, the contract for carriage and/or bailment by failing to deliver the

shipment in good order and condition and, as a result of which, plaintiff's merchandise was greatly depreciated in value and plaintiff lost the use of same, for which it claims damages.

25. As a result of defendants' conduct and actions, defendants and each of them are liable to plaintiff for its full, actual damages for breach of contract, together with interest thereon from the date the shipment was delivered or scheduled to be delivered.

WHEREFORE, plaintiff, HARTFORD FIRE INSURANCE CO. a/s/o The Monarch Beverage Company demands judgment against defendants, MEDITERRANEAN SHIPPING COMPANY (USA), INC., M/V MSC Silvana vFG444R, her engines, boilers, etc. and XYZ Corp., jointly and severally, on each count of the complaint, in the total amount of **$39,154.07**, together with pre-judgment and post-judgment interest thereon, an award of reasonable attorney's fees, and costs of suit to be taxed against defendants and for such other and further relief as this court may deem just and proper in this matter.

Dated: December 17, 2015

_____
Gerard F. Smith, Esq. (GS-1657)
PEZOLD, SMITH, HIRSCHMANN & SELVAGGIO, LLC
One Broadway, Suite 201
Denville, New Jersey 07834
(973) 586-6700
*Attorneys for Plaintiff*

5